JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 22 1985

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 634

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ACADEMY LIFE INSURANCE COMPANY ESTATE CONSERVATION PLAN LITIGATION

ORDER*

This litigation presently consists of fourteen actions listed on the attached Schedule A and pending in five districts as follows:

| District | Actions |
|---|---|
| Northern District of Texas | 6 |
| Eastern District of Pennsylvania | 5 |
| Southern District of Florida | 1 |
| District of Kansas | 1 |
| Eastern District of Wisconsin | 1 |

Before the Panel is a motion by Academy Life Insurance Company (Academy) to centralize the actions in the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.1/ Twelve cross-movants favor centralization in the Northern District of Texas. Parties to six actions oppose centralization.

On the basis of the papers filed and the hearing held, the Panel finds that the Pennsylvania actions involve common questions of fact with actions pending in the Northern District of Texas, and that transfer under Section 1407 of the Pennsylvania actions to the Northern District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that centralization in the Northern District of Texas of the remaining actions in this docket would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of this litigation.

---

* Judge Sam C. Pointer, Jr., took no part in the decision of this matter.

1/ Academy's Section 1407 motion, as amended on February 13, 1985, encompassed four additional actions. Three of these actions, Academy Life Insurance Co., et al. v. Dean Barney, E.D. Pennsylvania, C.A. No. 84-4990; Academy Life Insurance Co., et al. v. Hugh Maxwell Roth, E.D. Pennsylvania, C.A. No. 84-4989; and Lois I. Harmon v. Academy Life Insurance Co., et al., W.D. Oklahoma, C.A. No. Civ-84-2523-W, were dismissed in the districts in which they were pending on December 18, 1984, December 18, 1984, and February 21, 1985, respectively. Accordingly, the Section 1407 transfer motion with respect to those three actions is moot. With respect to the fourth action, In re Academy Insurance Securites Litigation, E.D. Pennsylvania, Master File No. 83-6026, Academy announced at oral argument held in this docket that settlement was near, and that Academy wished to withdraw the Section 1407 motion insofar as it pertained to this action. The Panel granted Academy's request at oral argument.

Proponents of transfer have attempted to bring together in a single district 1) lawsuits brought against Academy by allegedly defrauded Academy policyholders, ii) lawsuits brought by Academy against competing insurance companies involving allegations of unethical and tortious attempts to steal portions of Academy's business, iii) lawsuits brought by Academy against its former agents (who allegedly fraudulently misrepresented to purchasers the nature of a certain type of Academy insurance policy, known as an estate conservation plan) and the person and entities allegedly responsible for training these agents, iv) a derivative lawsuit brought against Academy and others by a minority shareholder in an insurance company that purportedly acted as a reinsurer for Academy, and v) a lawsuit involving a bank's allegedly unauthorized payment of certain checks drawn on an Academy account. Proponents, however, have failed to demonstrate that all of the actions included in their motions involve sufficient common questions of disputed fact to warrant their centralization in a single district. We are persuaded that only the subgroup of actions consisting of the Pennsylvania actions brought by Academy against its former agents and those Texas actions between Academy and the person (and/or entities controlled by him) allegedly responsible for training and monitoring those agents share a sufficient number of common questions of fact to justify their centralization in a single district for Section 1407 proceedings.[2/] This subgroup of actions involves a common nucleus of factual questions pertaining to the relationships and responsibilities of parties involved in the marketing of Academy estate conservation plans. Transfer of the subgroup is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.[3/]

---

[2/] Parties to two actions now pending in the Northern District of Texas, Academy Life Insurance Co., et al. v. Interfirst Bank Galleria, N.A., C.A. No. 3-85-0152-6; and Alexander J. Stone, etc. v. Academy Life Insurance Co., et al., C.A. No. 3-85-438 (formerly pending in the District of Arizona prior to transfer under 28 U.S.C. §1404), have expressed opposition to inclusion of their respective action in the centralized pretrial proceedings. Inasmuch as these two actions are already pending in the district that we have selected as the transferee forum, we leave it to the discretion of the transferee court to determine whether, and if so to what degree, the two actions would benefit from coordination with the centralized actions.

[3/] At a time too late for inclusion in the hearing held in this docket on March 28, 1985, Academy filed two supplemental motions seeking transfer of two recently filed actions: Herman A. Roth v. Academy Life Insurance Co., et al., S.D. Indiana, C.A. No. EV-85-94-C; and Gerald E. Ernst, et al. v. Academy Life Insurance Group, Inc., N.D. Ohio, C.A. No. C-85-7316. Because these two actions are brought by policyholders against Academy and do not fit within the only subgroup of actions for which centralization is appropriate, transfer of these two actions is also denied.

-3-

We find that the Northern District of Texas is the appropriate transferee forum for this litigation because 1) a plurality of the parties is located in that district; and 2) witnesses and documents relevant to the claims asserted in the actions will likely be located there, since Dallas is where the agents were trained and where the person and entities under his control purportedly responsible for the training and monitoring of the agents are located.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Eastern District of Pennsylvania be, and the same hereby are, transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Barefoot Sanders for coordinated or consolidated pretrial proceedings with the first four actions pending in that district and listed on the attached Schedule A.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, transfer of all remaining actions pending outside the Northern District of Texas and listed on Schedule A be, and the same hereby is, denied.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

<u>Schedule A</u>

<u>MDL-634 -- In re Academy Life Insurance Company Estate Conservation Plan Litigation</u>

<u>Southern District of Florida</u>

<u>Academy Life Insurance Co., et al. v. Gulf Life Insurance Co., et al.</u>, C.A. No. 84-2219-Civ

<u>Eastern District of Wisconsin</u>

<u>Academy Life Insurance Co., et al. v. General Life Insurance Co. of Wisconsin, et al.</u>, C.A. No. 84-C-1304

<u>Northern District of Texas</u>

<u>Jack Amason v. Academy Services, Inc.</u>, C.A. No. CA3-84-0701-H
<u>Amason Holding Co., et al. v. Academy Life Insurance Co., et al.</u>, C.A. No. CA3-84-0702-H
<u>Academy Life Insurance Co., et al. v. Jack M. Amason, et al.</u>, C.A. No. CA3-84-0703-D
<u>Lincoln Life Insurance Co. v. Academy Life Insurance Co.</u>, C.A. No. CA3-85-0148-H
<u>Academy Life Insurance Co., et al. v. InterFirst Bank Galleria, N.A.</u>, C.A. No. 3-85-0152-G
<u>Alexander J. Stone, etc., et al. v. Academy Life Insurance Co., et al.</u>, C.A. No. 3-85-438

<u>District of Kansas</u>

<u>Elva L. Housman, etc. v. Academy Life Insurance Co., et al.</u>, C.A. No. 84-4304

<u>Eastern District of Pennsylvania</u>

<u>Academy Life Insurance Co., et al. v. Jack A. Brown</u>, C.A. No. 84-4988
<u>Academy Life Insurance Co., et al. v. Steve Serafimidis</u>, C.A. No. 84-4987
<u>Academy Life Insurance Co., et al. v. Mary Katherine Ersley</u>, C.A. No. 85-0370
<u>Academy Life Insurance Co., et al. v. Ralph Fern</u>, C.A. No. 85-0371
<u>Academy Life Insurance Co., et al. v. Joe Zito</u>, C.A. No. 85-0369